**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JUDICIAL WATCH, INC., )
425 Third Street SW, Suite 800 )
Washington, DC 20024, )
)
Plaintiff, )
) Civil Action No.
v. )
)
U.S. DEPARTMENT OF JUSTICE, )
950 Pennsylvania Avenue NW )
Washington, DC 20530-0001, )
)
Defendant. )
)

**COMPLAINT**

Plaintiff Judicial Watch, Inc. ("Plaintiff") brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. ("Plaintiff") is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes

the responses it receives and disseminates its findings and any responsive records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice ("DOJ") is an agency of the United States Government and is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530-0001. On information and belief, DOJ has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On February 9, 2018, Plaintiff submitted a FOIA request to DOJ seeking the following records:

> 1. Any and all records of communications and correspondence between DOJ officials and Members of the U.S. Senate Committee on the Judiciary ("USSCJ") and/or their staff members regarding USSCJ's attempts to acquire the applications and renewals for FISA warrants against Carter Page and any other members of President Trump's presidential campaign, as well as any records relating to or forming the basis of those FISA warrant applications/renewals.
>
> 2. Any and all records of communications and correspondence between DOJ officials and Members of the House Permanent Select Committee on Intelligence ("HPSCI") and/or their staff members, regarding HPSCI's attempts to acquire the applications and renewals for FISA warrants against Carter Page and any other members of President Trump's presidential campaign, as well as any records relating to or forming the basis of those FISA warrant applications and renewals.

The timeframe for the requested records was identified as "June 1, 2016 to the present."

6. On the same day, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation ("FBI"), a component of DOJ, seeking the following records:

> 1. Any and all records of communications and correspondence between FBI officials and Members of the U.S. Senate Committee on the Judiciary ("USSCJ") and/or their staff members regarding USSCJ's attempts to acquire the applications

> and renewals for FISA warrants against Carter Page and any other members of President Trump's presidential campaign, as well as any records relating to or forming the basis of those FISA warrant applications/renewals.
>
> 2. Any and all records of communications and correspondence between FBI officials and Members of the House Permanent Select Committee on Intelligence ("HPSCI") and/or their staff members, regarding HPSCI's attempts to acquire the applications and renewals for FISA warrants against Carter Page and any other members of President Trump's presidential campaign, as well as any records relating to or forming the basis of those FISA warrant applications and renewals.

The time frame for the requested records also was identified as "June 1, 2016 to the present."

7. The FBI acknowledged receipt of Plaintiff's request in two separate letters dated February 22, 2018. The FBI's first letter addressed the first part of Plaintiff's request only – the request for records of communications and correspondence with USSCJ – and advised Plaintiff that the first part of the request had been assigned FOIPA Request No. 1396615-000. The FBI's second letter addressed the second part of Plaintiff's request only – the request for records of communications and correspondence with HPSCI – and advised Plaintiff that the second part of its request had been assigned FOIPA Request No. 1396646-000.

8. DOJ's Office of Legislative Affairs acknowledged receipt of Plaintiff's request by a letter dated March 23, 2018 and advised Plaintiff that the request had been assigned Tracking No. DOJ-2018-002923 (OLA). DOJ's acknowledgement letter also invoked FOIA's 10-day extension of time provision.

9. As of the date of this Complaint, DOJ and the FBI have failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records they intend to produce or

withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is violating FOIA by failing and/or refusing to search for, identify, and produce any and all non-exempt records responsive to Plaintiff's requests.

12. Plaintiff is being irreparably harmed by Defendant's violations of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

13. Because DOJ invoked FOIA's 10-day extension of time provision, Defendant was required to determine whether to comply with Plaintiff's requests within thirty (30) working days of receiving the requests. Accordingly, Defendant's determinations were due by May 4, 2018 at the latest. By this date Defendant was required to: (i) gather and review the requested documents; (ii) make and communicate to Plaintiff a determination about the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adverse determination. *See, e.g., Citizens for Responsibility and Ethics in Wash. v. Federal Election Comm'n*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

14. Because Defendants failed to determine whether to comply with Plaintiff's requests within the time required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

15. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to the requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: May 9, 2018

Respectfully submitted,

*/s/ Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172

*Counsel for Plaintiff*